IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAUL MANLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:09-cv-00482 |
| | § | |
| LETOURNEAU UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Paul Manley, complaining of LeTourneau University (hereinafter "LeTourneau"), Defendant, and for cause of action would show the Court and the jury the following:

## I.

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court attaches under the provisions of 28 U.S.C. § 1332, in that the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and the parties are citizens of different states.

2.    Jurisdiction in this case is founded on diversity of citizenship, and venue is proper in the Eastern District of Texas under 28 U.S.C. § 139 1(a) and (c).  Here, there is only one Defendant, so all defendants reside in the same state.

## II.

## PARTIES

3.     Plaintiff Paul Manley is a citizen of the State of Pennsylvania.

4.      Defendant LeTourneau University (hereinafter "LeTourneau") is a
corporation of the State of Texas having its principal place of business in Longview,
Texas.  Said defendant may be served with process through its registered agent:  Alvin O.
Austin, 2100 S. Mobberly Avenue, Longview, Texas 75602.

## III.

## FACTUAL BACKGROUND

5.     In the fall of 2007, Paul Manley was a freshman at LeTourneau studying
engineering.  Paul was taking a course called "Manufacturing Process," which, in part,
introduces students to welding.

6.     Despite very little in the way of safety training or supervision, the students
were allowed to begin welding on their own by October.

7.     On November 7, 2007, as Paul was welding using an oxyacetylene torch for
the first time, the tubes twisted in his hands, setting his shirt on fire.

8.     LeTourneau did not require its novice students to wear flame-retardant
protective clothing or aprons.

9.      As a result, Paul suffered severe burns to his torso, arm, neck, and face.

10.     On information and belief, at least one other student at LeTourneau was
burned in a similar manner prior to November of 2007.

11.     On information and belief, LeTourneau still does not require its novice

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 2**

students to wear flame-retardant protective clothing or aprons.

12.    Plaintiff is bringing this action to recover damages from Defendant arising from the personal injuries caused by this incident.  Plaintiff Paul Manley's damages include past and future medical and related expenses, mental anguish and physical pain and suffering, loss of earnings, impaired earning capacity, permanent disability, disfigurement and other general and special damages in an amount to be determined by the jury at trial of this action.

## IV.

## <u>NEGLIGENCE</u>

13.    Plaintiff re-alleges and adopts all previous paragraphs as if fully set forth herein.

14.    Defendant was negligent in one or more of the following particulars, each of which, separately or concurrently, was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages:

     a.     Failing to maintain a safe working/learning environment;

     b.     Failing to provide safe working equipment;

     c.     Failing to provide appropriate safety clothing;

     d.     Failing to implement an appropriate safety program;

     e.     Failing to properly supervise and train its students with regard to safety procedures;

     f.     Failing to follow Defendant's own policies with regard to safety;

     g.     Failing to adequately warn Plaintiff of the dangerous condition as described above;

    h.    Requiring Plaintiff to perform duties outside the scope of his training and/or abilities;

    i.    Failing to prevent the unreasonably dangerous condition described above from occurring or existing; and,

    j.    Failing to exercise reasonable care to reduce or eliminate the risk posed by the unreasonably dangerous condition described above.

15.    Defendant had actual or constructive knowledge of the unreasonably dangerous conditions described above.  In the alternative, Defendant should have known of the danger posed by the unreasonably dangerous conditions described above. Defendant's negligence described above directly and proximately caused the incident in question and Plaintiff's resulting injuries and damages.

## V.

## DAMAGES AS TO PLAINTIFF

16.    Plaintiff re-alleges and adopts all previous paragraphs as if fully set forth herein.

17.    As a result of the incident described herein, Plaintiff incurred medical expenses in the past, and in all reasonable probability such medical expenses will continue in the future.

18.    As a result of the incident described herein, Plaintiff suffered lost wages and/or lost earning capacity in the past, and in reasonable probability such lost earning capacity will continue in the future.

19.    As a result of the incident described herein, Plaintiff experienced physical pain and suffering in the past, and in all reasonable probability will sustain physical pain and suffering in the future.

20.     As a result of the incident described herein, Plaintiff experienced mental anguish in the past, and in all reasonable probability will sustain mental anguish in the future.

21.     As a result of the incident described herein, Plaintiff experienced physical impairment or physical incapacity in the past, and in reasonable probability will sustain physical impairment or physical incapacity in the future.

## VI.

## EXEMPLARY DAMAGES

22.     Plaintiff re-alleges and adopts all previous paragraphs as if fully set forth herein.

23.     Defendant's actions, when viewed objectively from the standpoint of the actor at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to its students and the general public, including Paul Manley.  Defendant had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.  Therefore, exemplary damages should be assessed against Defendant to deter it from disregarding the rights, safety and welfare of the public.

## VII.

## CLAIM FOR PREJUDGMENT INTEREST

24.     Plaintiff herein claims pre-judgment interest in accordance with Texas law.

## VIII.

## <u>JURY DEMAND</u>

25.    Plaintiff requests that a jury be convened to try the factual issues in this

cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon

trial of this cause, this Honorable Court enter judgment for Plaintiff against Defendant for

the damages requested herein, for cost of bringing this action, for interest from the date of

the incident made the basis of this suit, and for such other relief as may appear to the

Court to be proper.

Respectfully  submitted,

**CRAIN ♦ LEWIS, L.L.P.**

    /s/    Robert D. Crain
ROBERT D. CRAIN
State Bar No. 00790525
3400 Carlisle, Suite 300
Dallas, Texas 75219
Phone (214) 522-9401
Facsimile (214) 276-6006

**ATTORNEY FOR PLAINTIFF**